LEGISLATORS — INFLUENCE OF BY STATE EMPLOYEE — "PECUNIARY INTEREST" DEFINED Under 21 O.S. 314 [21-314] (1971), and 70 O.S. 1415 [70-1415] (1971), a state officer and employee may contact a legislator in the same manner and to the same extent as any private citizen. However, it is clear that a public officer or employee may not use his or her position to unduly influence the legislative process. No direct prohibitions are contained in 21 O.S. 314 [21-314] and no criminal penalty is provided for violation of that Section. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under 21 O.S. 314 [21-314] (1971), what constitutes a "pecuniary interest" which precludes a state employee or officer from attempting to influence a legislator's vote? 2. Would the term "pecuniary interest" in the above-mentioned statute pertain only to salary or would it include retention of appropriated money which if lost would result in loss of employment? 3. Would the term "pecuniary interest" in the above-mentioned statute pertain to both solicited and unsolicited advice in or out of committee meetings? 4. What penalty is provided for violation of 21 O.S. 314 [21-314] (1971)? The applicable portion of 21 O.S. 314 [21-314] (1971), reads as follows: ". . . And no officer, agent, or appointee or employee in the service or under control of the Legislature, judiciary, or executive branch of government of the State of Oklahoma, nor shall any officer or employee under or in the service of the United States government attempt to influence any member of the Legislature to vote for or against any measure pending therein affecting the pecuniary interests of such person, excepting in the manner herein provided in the case of legislative agent. . . ." If given an interpretation based on a literal construction, the above-quoted statute would result in a harsh treatment of state employees and contravene the legislative intent of encouraging state employees to communicate with members of the Legislature as provided in 74 O.S. 1415 [74-1415] (1971). It could be argued that a pecuniary interest under 21 O.S. 314 [21-314] encompasses many areas, including the salary of a state officer or employee, utility rates, state income tax, state sales tax or other state taxes paid by a state employee, as well as all other members of the public in the State of Oklahoma. Of course, it has always been considered appropriate for citizens to contact their State Representatives or Senators to express their views upon any matter pending before the Legislature, including matters which may well affect the pecuniary interest of a citizen. In reality, one of the most common forms, and in some instances the most preferred form, of attempting to provide information to a state legislator on a matter is by direct personal communication or conversation with the member of the Legislature, not as part of an organized partisan political effort, nor as a lobbyist for another person or group. It is highly questionable that the courts would determine that a state employee has fewer rights than other citizens and cannot discuss with members of the Legislature insurance or utility rates, tax problems and other issues affecting in some way the "pecuniary interest" of the employee. In fact, to be so restrictive would further raise a question involving the First Amendment right of free speech of citizens who happen to be employed by the state. There is another compelling consideration. A later enactment, 74 O.S. 1415 [74-1415] (1971), encourages discussions between state employees and legislators by prohibiting supervisors or department heads, under penalty of forfeiture of office and ineligibility in state service for five years, from preventing their employees from discussing matters with members of the Legislature. A more reasonable interpretation of 21 O.S. 314 [21-314], which would give effect to all statutes, is that an employee cannot use his or her position as a state employee to further his or her personal pecuniary interests, e.g. such state employee cannot threaten administrative action to secure a financial gain through legislative action. Nor can a public employee or officer pursue a private and personal pecuniary gain through the legislative process without complying with the same provisions of the law that apply to all citizens. It should be noted that this opinion does not apply to the subject of partisan political activity. In Broadrick v. Oklahoma, 413 U.S. 601,37 L.Ed.2d 830 (1973), it was held that 74 O.S. 818 [74-818] (1971), prohibiting partisan political activity by classified state employees, did not violate the First Amendment rights of such employees in view of the fact that such statute could be construed, and was in fact construed previously by the State Personnel Board and the Attorney General in Opinion No. 68-356, to apply only to active partisan political campaigning. In answer to your first question, under 21 O.S. 314 [21-314] (1971), and when construed in light of 74 O.S. 1415 [74-1415] (1971), any state officer or employee may contact a legislator in the same manner and to the same extent as any private citizen. However, it is clear that a public officer or employee may not use his or her position to unduly influence the legislative process. The answer to your first question is generally applicable to your second and third questions and no specific answer can be given to those questions since the same depends upon the facts and circumstances in any given instance. Concerning your fourth question, 21 O.S. 314 [21-314] contains no direct prohibition and appears to amount to a public policy statement. It, of course, contains no punishment or penalty provision and acts done contrary to its terms are not made unlawful in the criminal sense. Thus, there is no criminal penalty for its violation. In the absence of such proscriptions, the Legislature has historically provided regulation of lobbying activities by the adoption of rules. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Under 21 O.S. 314 [21-314] (1971), and 74 O.S. 1415 [74-1415] (1971), a state officer and employee may contact a legislator in the same manner and to the same extent as any private citizen. However, it is clear that a public officer or employee may not use his or her position to unduly influence the legislative process. No direct prohibitions are contained in 21 O.S. 314 [21-314] and no criminal penalty is provided for violation of that Section. (GERALD E. WEIS) (ksg)